## Case No. 3,943.

### In re DOBBINS.

[18 N. B. R. 268.][1]

District Court, N. D. Ohio. Aug. 17, 1878.

BANKRUPTCY—COMPOSITION PROCEEDINGS—POWERS OF REGISTER.

At the meeting of creditors called to take action on a resolution of composition, the register has no authority to require any other person to testify except the debtor.

Opinion by James Irvine, Register:

The debtor, Hugh Dobbins, having filed a petition for a composition with his creditors, which was duly referred to James Irvine, register, for proceedings authorized by the law on behalf of his creditors at a meeting of such creditors to be called by the register. At such meeting of the creditors, the debtor, Dobbins, was present, and was examined in presence of the creditors assembled. From that examination it appeared that Dobbins had, before petition filed, in October, 1877, made a general assignment for benefit of creditors, under the laws of the state of Ohio, to one Moses McGinnis, who had sold most of the property, and who had filed an account with probate judge setting out his proceedings in the trust showing the money collected and disbursed under the assignment. Thereupon Farwell & Co., creditors who had proved their debt, and being then present, filed a motion with the register, requesting him to issue a summons for said McGinnis, requiring him to appear before the register forthwith, with his books and papers, to give testimony before the creditors in relation to the said trust proceedings; and also asked that one Hoover, who it was alleged had bought up claims against said debtor, and procured payment therefor from the said assignee out of the funds in his hands, might be summoned and examined. The register refused to issue such summons, which refusal was excepted to by said Farwell & Co., and register asked to certify the question to the district court, which he did accordingly, with the following opinion:

Section 5103 [Rev. St. U. S.], under which composition proceedings are authorized, lays down the successive steps to be taken by the parties interested. It permits the examination of the debtor, but gives no authority to compel the attendance or testimony of

---

[1] [From 2 Pittsb. Rep. 120.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reprinted by permission.]

others. The proper way, it seems to me, is to file objections to the confirmation of the resolution by the court (if it shall be adopted and confirmed by the required number of creditors), and then the court can order such examination as shall seem to be proper. But it is my opinion that, at the meeting of creditors called to take action on the resolution, I have no authority to require any other person to testify except the debtor, and I therefore refuse the request.

WELKER, District Judge. I have carefully examined and considered the question made by the register, and confirm and approve his ruling therein.